UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
BINGHAMTON

| | |
|---|---|
| **ADAM WEITSMAN, an individual; and UPSTATE SHREDDING, LLC, a New York limited liability company;**<br><br>**Plaintiffs,**<br><br>v.<br><br>**ROBERT ARTHUR LEVESQUE, III**<br><br>**Defendant.** | No.: 3:17-cv-00727-MAD-DEP<br><br>**PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR DEFAULT JUDGMENT**<br><br>-AND-<br><br>**MOTION TO STRIKE DEFENDANT'S RESPONSE** |

Plaintiffs Adam Weitsman ("Weitsman") and Upstate Shredding LLC ("USS") (collectively "Plaintiffs"), respectfully submit this reply ("Reply") in support of their Motion for Default Judgment. Plaintiffs also hereby move to strike Defendant's "response", which purports to deny liability after this Court's entry of default. In support of this Reply, Plaintiffs incorporate by reference the exhibits hereto, their Motion for Default Judgment, and all documents on file with the Court, in addition to the following.

**I.  DEFENDANT LEVESQUE CANNOT CONTEST LIABILITY NOW, AFTER ENTRY OF DEFAULT, AND THE ALLEGATIONS IN THE COMPLAINT MUST BE TAKEN AS TRUE.**

Despite Defendant's daily antics online aimed at Plaintiffs, and now Plaintiffs' counsel, Defendant ignored his duty to timely file an answer or otherwise defend. After being served with the Complaint on September 21, 2017, the Court ordered Defendant to file an answer by October 23, 2017. Defendant failed to do so, but continued to defame Plaintiffs using his Twitter and Facebook accounts dedicated to this purpose. Accordingly, Plaintiffs moved for entry of default on October 26, 2017. [Dkt. 17]. This Court entered default on November 6, 2017. [Dkt. 23]. Thereafter, Plaintiffs moved for judgment on December 6, 2017. [Dkt. 25]. Defendant, now, *70-*

1

*days later*, attempts to contest the factual allegations against him in his opposition to Plaintiffs' Motion for Default Judgment.

As Plaintiff stated in its Motion, when the Court enters a default judgment, it must "accept[ ] as true all of the factual allegations of the complaint," *Au Bon Pain Corp. v. Artect, Inc.,* 653 F.2d 61, 65 (2d Cir.1981). The default entry precludes the defaulting party from contesting liability. *Geddes v. United Financial Group,* 559 F.2d 557, 560 (9th Cir.1977) ("upon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true."); *see also Conetta v. National Hair Care Centers, Inc.,* 236 F.3d 67, 75–76 (1st Cir.2001) (the prevailing view is that an entry of default prevents the defendant from disputing the truth of well-pleaded facts in the complaint pertaining to liability). As such, the allegations in the Complaint must be taken as true, and Defendant is precluded from contesting liability or the allegations therein.

II. **PLAINTIFFS' DAMAGES ARE SUFFICIENTLY ARTICULATED AND SUPPORTED, PERMITTING THE COURT TO ASCERTAIN THE DAMAGES TO BE AWARDED.**

Defendant argues that Plaintiffs have not shown evidence of damages because Plaintiffs' have "not shown the court their financial accounts, nor has the Public or the courts reviewed Weitsman Shredding, LLC accounts for accuracy of their dubious claims." As a preliminary matter, *Upstate Shredding, LLC,* not Weitsman Shredding, LLC, is a Plaintiff in this matter seeking

damages and injunctive relief from Defendant Levesque's misconduct. Therefore, Weitsman Shredding, LLC is not required demonstrate damages.[1]

Plaintiffs have satisfied their obligation of providing evidence to support the damages being sought, and the Court may exercise its discretion to order a hearing on damages, if necessary. As stated in Plaintiffs' Motion, a hearing is not necessary, and instead, a court may rely upon affidavits and documentary evidence. *See Fustok v. ContiCommodity Servs., Inc.,* 873 F.2d 38, 40 (2d Cir.1989); *Action S.A. v. Marc Rich & Co., Inc.,* 951 F.2d 504, 508 (2d Cir.1991) (Rule 55(b)(2) "allows but does not require the district judge to conduct a hearing."); *Twentieth Century Fox Film Corp. v. Streeter*, 438 F. Supp. 2d 1065, 1070-73 (D. Ariz. 2006) (finding that Plaintiff's Application for Default Judgment should be granted and the issuance of a permanent injunction to be appropriate). Plaintiffs have specified a basis for damages in its Motion, and supported the same with Plaintiff Adam Weitsman's affidavit.

The total cost of public relations management services performed by Stephen Donnelly, of Dynamic Innovation Group, to mitigate Plaintiffs' reputational harm caused by Defendant, is $60,000.00. *See Affidavit of Adam Weitsman,* **Exhibit 1** attached thereto.

Given the volume and egregiousness of Defendant's defamation campaign, Plaintiff recently had to retain the Binghamton, New York public relations firm, Rosanne Sall Advertising Inc., ("RSA") of. *See id.*, **Exhibit 2** attached thereto. RSA is monitoring Defendant's online threats and harassment, and is assisting Plaintiffs with branding and managing their public

---

[1] Plaintiffs' Proposed Order includes relief that is designed to preclude Defendant Levesque from circumventing the Proposed Order. However, it is foreseeable that Defendant will avoid compliance with the Order by defaming other business entities that Plaintiffs are associated with, including by way of example, Weitsman Shredding, LLC, which is mentioned in Defendant's response. To ensure that an order enjoining Defendant from publishing the False Statements is not circumvented, Plaintiffs are filing an amended Proposed Order, to include Weitsman Shredding, LLC and associated businesses.

relations campaign. *Id*. RSA's fees for services being performed are $1,500.00 per month, for an initial six- month trial, for a total trial of $9,000.00. Plaintiffs will likely need to continue their retention of RSA for an additional six-months. *Id*.

USS is a privately held company, and its financials are not public. Plaintiffs have refrained from disclosing financial information about USS, given Defendant's desire to use any information obtained about USS to continue his harassment and online defamation campaign. *Id*. As the principal and operator of USS, Plaintiff Weitsman is intimately familiar with the sales volumes, profits, losses, and general financial condition of USS. *Id*. Based on Plaintiff's personal knowledge as the owner and operator of USS, Weitsman estimates that USS has lost no less than $180,000 to $200,000 in scrap metal sales directly because of Defendant's defamation. *Id.*

For all of these reasons, Plaintiffs have satisfied their obligation of showing that "there [is] a basis for the damages specified in the default judgment." *Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., Div. of Ace Young Inc.,* 109 F.3d 105, 111 (2d Cir.1997).

Notably, the harm inflicted on Plaintiffs' by Defendant Levesque's defamation, and the damages flowing therefrom, are ongoing. Since the Court's entry of default, Defendant Levesque has ramped up his defamation campaign against Plaintiffs. *See continued defamation in* **Exhibit A**. In furtherance of his defamation aimed at Plaintiffs, Defendant Levesque has now commenced a defamation campaign against Plaintiffs' counsel as well. *See defamation of counsel in* **Exhibit B**. Each time the Court enters an order in this case, or Plaintiffs demand Defendant to cease his misconduct, Defendant becomes invigorated and increases his misconduct. As discussed in the Motion, this is Defendant's pattern of harmful conduct. Plaintiffs urge the Court to take note of Defendant Levesque's conscious disregard and maliciousness when considering damages and the injunctive relief requested.

### III. PURSUANT TO RULE 12(F), THE COURT SHOULD STRIKE DEFENDANT'S RESPONSE, OR SUBSTANTIAL PORTIONS OF IT, BECAUSE IT CONTAINS REDUNDANT, IMMATERTIAL, IMPERTINENT, AND SCANDALOUS MATTERS, AND IT SERVES NO OTHER PURPOSE.

Pursuant to Fed.R.Civ.P. 12(f), a Court may order stricken from any pleading any "insufficient defense or any redundant, immaterial, impertinent or scandalous matter." Whether to grant or deny a motion to strike is vested in the trial court's sound discretion. *Hollander v. Amer. Cyanamid Co.,* 172 F.3d 192, 198 (2d Cir.1999), *cert. denied,* 528 U.S. 965, 120 S.Ct. 399, 145 L.Ed.2d 311 (1999), *abrogated on other grounds by Reeves v. Sanderson Plumbing Prods., Inc.,* 530 U.S. 133, 120 S.Ct. 2097, 147 L.Ed.2d 105 (2000); *Impulsive Music v. Pomodoro Grill, Inc.,* No. 08–CV–6293, 2008 WL 4998474, at *2 (W.D.N.Y. Nov. 19, 2008).

Immaterial matter is that which has no essential or important relationship to the claim for relief or the defenses being pleaded. 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1382 (1990). ). " 'Impertinent' matter consists of statements that do not pertain, and are not necessary to the issue in question." *Fantasy, Inc. v. Fogerty,* 984 F.2d 1524, 1527 (9th Cir.1993) (quoting 5 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1382 at 706–07 (1990)), *reversed on other grounds,* 510 U.S. 517, 114 S.Ct. 1023, 127 L.Ed.2d 455 (1994). Scandalous material is that which "cast[s] an excessively adverse light on the character of an individual or a party." *OKC Corp. v. Williams,* 461 F. Supp. 540, 550 (N.D.Tex.1978), *cert. denied,* 449 U.S. 952 (1980). "Even where matter in a pleading is relevant to the controversy, it nonetheless may be stricken if it is scandalous or set out in 'needless detail.' " *Cabble v. Rollieson,* No. 04–CV–9413, 2006 WL 464078, at *11 (S.D.N.Y. Feb. 27, 2006) (citing *Gleason v. Chain Service Rest.,* 300 F.Supp. 1241, 1257 (S.D.N.Y.1969)). District Courts will not hesitate to strike scandalous material from motions or pleadings. *See Reichert v. Nat'l Credit Sys., Inc.*, CV-03-1740, 2005 WL 5549677 (D. Ariz. Mar. 31, 2005) *aff'd,* 531 F.3d 1002 (9th Cir. 2008) ("granting

Plaintiff's Motion to Strike Scandalous Matter from Defendants' Motion for Summary Judgment" because the "material has no relationship to the claims before the Court, and further, is designed solely to impugn Plaintiff's counsel's professional reputation").

The Defendant's Opposition to Motion for Default Judgment (Doc. 28) (the "Response") is riddled with scandalous material that has no relationship to the Motion before the Court and is designed solely to impugn counsel's professional reputations. Additionally, Defendant makes several statements that are completely impertinent at this juncture and should also be stricken.

### A. Given the entry of default, a great deal of the Defendant's Response is completely impertinent.

In pages 1 through 5 of the Response, the Defendant attempts to argue the merits of the case. However, the Defendant lost this opportunity after default was entered. Once the default order is entered, the defaulted party can no longer contest liability. *See Geddes,* 559 F.2d at 560. Accordingly, pages 1 through 5 of the Response should be stricken.

### B. The Defendant's statements about Plaintiff's counsel are scandalous and should be stricken.

In pages 3 ("Kelly Warner's well known [*sic*] misconduct"), 4 ("Kelly Warner Law Firm has long [*sic*] history of illegal practices"; "the current FBI investigation into Kelly Warner Law Firm"), 5 ("Kelly Warner Law, whom are currently under FBI investigation for illicit activities"), and 6 ("the current FBI investigation into Kelly Warner Law Firm") of the Response, the Defendant includes scandalous material that has no relationship to the Motion before the Court and is designed solely to impugn counsel's professional reputations. Accordingly, this material should be stricken.

No attorney practicing at Kelly Warner or the firm itself, is under investigation by the FBI. This allegation is laughable. Furthermore, Plaintiffs' counsel of record are attorneys in good

standing, as stated in counsel's *pro hac vice* application filed months ago. *See* Dkt. 4 and 16. The Court has granted Plaintiffs' counsel permission to appear in this case. *See* Orders Granting Limited Admission to Practice. *See* Dkt 10 and Dkt. 19. Defendant has *actual knowledge* of these facts but insists on using this case to harass and disparage counsel.

Plaintiffs' counsel demanded Defendant Levesque to withdraw his response, in order to avoid a motion to strike and the associated fees and costs. *See* **Exhibit C**. However, Defendant Levesque failed to withdraw his response or otherwise respond.

## IV.     CONCLUSION

Plaintiffs request the Court to enter the amended proposed Default Judgment, attached to hereto as **Exhibit D**, and for such other and further relief as the Court finds reasonable and necessary.

Respectfully submitted,

DATED: January 5, 2017.

/s/ Raeesabbas Mohamed
Raees Mohamed (AZ Bar #027418)
(admitted *Pro Hac Vice)*
Bar Roll No.: 303283
Daniel R. Warner (AZ Bar #026503)
(admitted *Pro Hac Vice)*
Bar Roll No.: 303292

KELLY/WARNER, PLLC
8283 N. Hayden Road, Suite 229
Scottsdale, AZ 85258
(480) 331-9397
(866) 961-4984 (Fax)
raees@kellywarnerlaw.com

**ATTORNEYS FOR PLAINTIFFS**