**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

ADAM WEITSMAN and UPSTATE
SHREDDING, LLC,

                          **Plaintiffs,**

    vs.                                         3:17-CV-00727
                                                         (MAD/DEP)

ROBERT ARTHUR LEVESQUE, III,

                          **Defendant.**
_____

**APPEARANCES:**                         **OF COUNSEL:**

**KELLY, WARNER PLLC**            **DANIEL R. WARNER, ESQ.**
8283 N. Hayden Road, #229        **RAEESABBAS MOHAMED, ESQ.**
Scottsdale, Arizona 85258
Attorneys for Plaintiffs

**LEVENE, GOULDIN LAW FIRM**     **PATRICIA M. CURTIN, ESQ.**
**- BINGHAMTON OFFICE**
P.O. Box F-1706
Binghamton, New York 13902-0106
Attorneys for Plaintiffs

**ROBERT ARTHUR LEVESQUE, III**
1845 Olive Street
Ramona, California 92065
Defendant *pro se*

**Mae A. D'Agostino, U.S. District Judge:**

### ORDER TO SHOW CAUSE

    The Court presumes familiarity with the background of this case as detailed in the April 25, 2018 Memorandum-Decision and Order (the "April Order"). *See* Dkt. No. 34.

    Plaintiffs previously filed a motion for default judgment, which was granted in part as to liability for the defamation claim, pending a hearing on damages. *See id.* In the April Order, the Court also restrained and enjoined Defendant from publishing or causing the publication of any

false or defamatory statements relating to a number of issues. *See id*. at 16-17. A damages hearing was held on June 1, 2018, and a decision on the issue of damages is pending. *See* Dkt. No. 41. Following the hearing, Plaintiffs have filed two motions seeking a contempt order. *See* Dkt. Nos. 43, 46. For the following reasons, the Court orders Plaintiff to show cause, if any exists, why this matter should not be dismissed for lack of personal jurisdiction.

"A judgment obtained in the absence of personal jurisdiction is void within the meaning of Rule 60(b)(4)." *de Ganay v. de Ganay*, No. 11 Civ. 6490, 2012 WL 6097693, *4 (S.D.N.Y. Dec. 6, 2012) (citation omitted). "In most circumstances, a defect in personal jurisdiction is a defense that may be asserted or waived by a party. Nevertheless, when a court is considering whether to enter a default judgment, it may dismiss an action *sua sponte* for lack of personal jurisdiction." *Sinoying Logistics Pte Ltd. v. Yi Da Xin Trading Corp.*, 619 F.3d 207, 213 (2d Cir. 2010) (citations omitted).

Courts in this circuit have previously dismissed claims *sua sponte* for lack of personal jurisdiction. *See id.*; *see also de Ganay*, 2012 WL 6097693 at *5-*6; *Hood v. Ascent Med. Corp.*, No. 13 CV 628, 2016 WL 1366920 (S.D.N.Y. Mar. 3, 2016), *aff'd*, 691 Fed. Appx. 8 (2d Cir. 2017). For example, in *Sinoying*, the district court raised *sua sponte* the issue of personal jurisdiction. *See Sinoying*, 619 F.3d at 211. On appeal, the Second Circuit held "the District Court did not err when, acting *sua sponte*, it raised its lack of personal jurisdiction over [the defendant] and dismissed the complaint on that ground." *Id*. at 213. In that case, when discussing the propriety of the court's *sua sponte* action, the Second Circuit noted that the district court first gave the plaintiff the opportunity to establish that the court had personal jurisdiction over the defendant and respond to the order to show cause. *See id*. at 214. Only after the plaintiff was

2

unable to establish a basis of personal jurisdiction over the defendant did the court dismiss the complaint. *See id*.

In the present matter, Defendant made his only appearance, *pro se*, in the form of a response in opposition of the motion for default judgment. *See* Dkt. No. 27. At no point in Defendant's response did he raise the issue of personal jurisdiction. The law states that "the failure to enter a timely objection to personal jurisdiction constitutes, under Rule 12(h)(1), a waiver of the objection." *Insurance Corp. of Ireland, Ltd v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 705 (1982). Even though a defect in personal jurisdiction is typically an affirmative defense to be asserted by the defendant, the Court may dismiss an action *sua sponte* for lack of personal jurisdiction when considering entering a default judgment. *See Sinoying*, 619 F.3d at 213. In light of Defendant's *pro se* status and the specific personal jurisdiction issue in this case, the Court finds that an analysis of personal jurisdiction is appropriate.

The Second Circuit has held that "[t]here is no question that a district court has the authority to 'revise[ ]' any non-final order 'at any time before the entry of judgment.'" *Id*. "[T]he Second Circuit has made clear that a district court 'may first assure itself that it has personal jurisdiction over the [defaulting] defendant,' before proceeding to enter a judgment against that defendant." *Hood*, 2016 WL 1366920 at *6 (citing *City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 133 (2d Cir. 2011)) (other citations omitted). "'[W]hen entry of a default judgment is sought against a party who has failed to plead or otherwise defend, the district court has an affirmative duty to look into its jurisdiction both over the subject matter and the parties.'" *Id*. (citing *Williams v. Life Sav. & Loan*, 802 F.2d 1200, 1203 (10th Cir. 1986)). Here, like in *Hood*, the order granting default judgment is a "non-final order" pending a determination of

3

damages.  *See Hood*, 691 Fed. Appx. at 9.  Therefore, the Court may examine the issue of personal jurisdiction *sua sponte* prior to the entry of a final default judgment.  *See id*.

"The available statutory bases [for personal jurisdiction] in federal courts are enumerated by Federal Rule of Civil Procedure 4(k)." *Licci ex rel. Licci v. Lebanese Canadian Bank, SAL*, 673 F.3d 50, 59 (2d Cir. 2012).  In this case, the only basis for personal jurisdiction is Rule 4(k)(1)(A), which establishes personal jurisdiction over a defendant "who is subject to the jurisdiction of a court of general jurisdiction in the state where the district court is located." Fed. R. Civ. P. 4(k)(1)(A).  "In diversity cases arising in this Circuit, personal jurisdiction is determined by the law of the state in which the district court sits." *DiStefano v. Carozzi North America, Inc.*, 286 F.3d 81, 84 (2d Cir. 2001).  "[A] federal court in New York may exercise personal jurisdiction over a non-resident defendant based either on general jurisdiction, under C.P.L.R. § 301, or specific jurisdiction, under C.P.L.R. § 302." *Overseas Ventures, LLC. v. ROW Management, Ltd., Inc.*, No. 12 Civ. 1033, 2012 WL 5363782, *9 (S.D.N.Y. Oct. 26, 2012) (citing *Realuyo v. Abrille*, 93 Fed. Appx. 297, 298-99 (2d Cir. 2004); *Delagi v. Volkswagenwerk A.G.*, 29 N.Y.2d 426, 430 (1972)).  To establish personal jurisdiction, the defendant must have been "'present' and 'doing business' within the meaning of the New York Civil Procedure Law and Rules ('CPLR') § 301, or . . . committed acts within the scope of New York's long-arm statute, CPLR § 302." *Schultz v. Safra Nat. Bank of New York*, 377 Fed. Appx. 101, 102 (2d Cir. 2010).

In this case, the record now demonstrates that Defendant was residing in North Carolina while engaging in the alleged conduct and at the commencement of this action.  *See* Dkt. No. 1 at ¶ 19; Dkt. No. 2. Moreover, Defendant subsequently moved to California, which is where Plaintiffs were actually able to serve Defendant with the summons and complaint.  Therefore, in

4

order for the Court to have personal jurisdiction over Defendant, he must have committed acts within the scope of C.P.L.R. § 302.

New York's law arm statute provides as follows:

> As to a cause of action arising from any of the acts enumerated in this section, a court may exercise personal jurisdiction over any non-domiciliary, or his executor or administrator, who in person or through an agent:
>
> 1. transacts any business within the state or contracts anywhere to supply goods or services in the state; or
>
> 2. commits a tortious act within the state, except as to a cause of action for defamation of character arising from the act; or
>
> 3. commits a tortious act without the state causing injury to person or property within the state, except as to a cause of action for defamation of character arising from the act, if he
>
> (i) regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in the state, or
>
> (ii) expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce; or
>
> 4. owns, uses or possesses any real property situated within the state.

C.P.L.R. § 302(a).

Upon reviewing the record before the Court, it appears as if none of the provisions of New York's long-arm statute would apply to the present matter. Nothing in the record indicates that Defendant transacts any business within the state or that the alleged defamation is related to such business, rendering section 302(a)(1) inapplicable. Additionally, "sections 302(a)(2) and (3), which permit jurisdiction over tortious acts committed in New York and those committed outside New York that cause injuries in the state, respectively, explicitly exempt causes of action for the

5

tort of defamation." *Best Van Lines, Inc. v. Walker*, 490 F.3d 239, 244-45 (2d Cir. 2007). Finally, nothing before the Court indicates that Defendant owns, uses, or possesses any real property in the state and, even if he did, section 302(a)(4) is undoubtedly still inapplicable because the causes of action do not rise out of the fact that Defendant may own or use property in New York. *See Elsevier, Inc. v. Grossman*, 77 F. Supp. 3d 331, 346 (S.D.N.Y. 2015) ("Under § 302(a)(4), it is not enough for the property to be related in some way to the parties' dispute; the plaintiff's 'cause of action [must] arise[ ] out of the fact of ownership, use or possession of New York realty'") (citations omitted); *see also Lancaster v. Colonial Motor Freight Line, Inc.*, 177 A.D.2d 152, 159 (1st Dep't 1992) ("[Section § 302(a)(4)] requires a relationship between the property and the cause of action sued upon"). Upon review, it appears that the Court lacks personal jurisdiction over Defendant and cannot grant the relief Plaintiffs' seek.

Accordingly, the Court hereby

**ORDERS** that Plaintiffs show cause, if there be any, to this Court by submission on papers as ordered herein, before the Honorable Mae A. D'Agostino, United States District Court Judge at the United States Courthouse, 445 Broadway, Albany, New York, why the Court should not dismiss this matter for lack of personal jurisdiction or transfer venue to the appropriate district court in California having personal jurisdiction over Defendant;[1] and the Court further

**ORDERS** that Plaintiffs' submissions shall be filed on or before **September 7, 2018**; and the Court further

---

[1] The Court is mindful of the time, money, and energy that Plaintiffs have expended in prosecuting this matter. It was only upon reviewing Plaintiffs' recently filed motions for contempt and considering the types of relief that could potentially be granted that the Court realized that there may be an issue regarding personal jurisdiction over Defendant.

**ORDERS** that no personal appearance is required – the papers will be taken on submission – unless otherwise directed by the Court; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: August 27, 2018
      Albany, New York

_____
Mae A. D'Agostino
U.S. District Judge